IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 06-cr-00002-WDM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CHRYSANTH G. GRUENANGERL,

      Defendant.

_____

**MOTION FOR DOWNWARD DEPARTURE BASED ON FEATURES
IN THIS CASE THAT TAKE IT OUTSIDE THE GUIDELINES "HEARTLAND"**
_____

      The Defendant, Chrysanth G. Gruenangerl, by and through counsel, Scott Poland of Poland and Wheeler, P.C., moves, pursuant to USSG 5K2.0(a)(2)(A) and the United States Supreme Court's decision in the *Koon v. United States* for a downward departure from the recommended advisory guideline sentence and as grounds thereof states as follows:

      1.      In *Koon v. United States*, the United States Supreme Court determined that the sentencing judge should first ask before applying the federal sentencing guidelines whether there were features in a case that potentially take it outside the guidelines' "heartland" and make it special or unusual. The Court further concluded that the trial court should determine if the commission has forbidden, encouraged or discouraged departures based on those features.

            If a special factor is a forbidden factor, the sentencing court cannot
            use it as a basis for departure. If the special factor is an encouraged

-1-

factor, the Court is authorized to depart if the applicable guideline does not already take it into account. If the special factor is a discourage factor, or an encourage factor already taken into account by the applicable guidelines, the Court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary cases where the factor is present.

*Koon v. U.S.*, 518 U.S. 81, 116 S.Ct. 2035, (1996).

    2.    USSG 5k2.0(a)(2)(A) provides as follows:

This subpart (Chapter five, Part K, Subpart 2 (Other Grounds for Departure) identifies some of the circumstances that the commission may not have adequately taken into consideration in determining the applicable guideline range. (*e.g.*, as a specific offense characteristic or other adjustment). If any such circumstance is present in the case and has not adequately been taken into consideration in determining the applicable guideline range, a departure consistent with 18 U.S.C. § 3553(b) and the provisions of this subpart may be warranted.

The defense believes that there are features to this case which are exceptional or unusual and take it outside the "heartland" of cases related to bribery of a public official.

    3.    Though there is confusion in the record, the "harm" to be caused by Mr. Gruenangerl, had he been successful in bribing Mr. Lane would have been condemnation of a forty-five year old gondola which, by all accounts, including the testimony of Mr. Lane, had, at best, two more productive years left in it. By all accounts the subject gondola was outdated, delapidated, inefficient and a good candidate for the Smithsonian Museum Department for ancient skiing equipment. However, it was still functional and apparently safe. One is reminded of the Model T Ford. The photographs taken of the gondola by Mr. Gruenangerl are clearly cause for concern by the untrained eye. It is believed the manufacturer of the ancient gondola was no longer in business and that replacement part for the gondola were either impossible or

nearly impossible to obtain. Even Mr. Connors, the new manger for the Ski Apache Ski Area, was embarrassed at the thought of operating such ancient equipment. Presumably, had Mr. Gruenangerl been successful with his bribe, Ruidoso, New Mexico would have received a safer, faster, more reliable ski lift than the one that had served them for over forty years. It is hard to imagine how Ski Apache or the skiing public would have been "harmed" by these events. In the absence of any actual loss to anyone, aside from the personal indignity perpetrated on Mr. Lane by Mr. Gruenangerl, this is a victimless crime. It is doubtful the Sentencing Commission considered these features in setting a base offense level of 12 for bribery of a public official.

4. An additional factor which takes this case outside the "heartland" of cases involving bribery of a public official is the improbability that Mr. Gruenangerl would have ever received any money from this deal. The defense is mindful of the fact that for purposes of sentencing, there is no distinction between solicitation of a bribe and a completed bribe. USSG § 2C1.1.

"The failure to consummate a bribe neither detracts from the donor's culpability nor renders the amount involved ineligible for use in the donor's offense level." *U.S. v. Tejada-Beltran*, 50 F.3d105, 109 (1st Cir. 1995).

What is striking and unusual about this case are the many strings attached to the bribe being offered by Mr. Gruenangerl to Mr. Lane, (1) if Mr. Lane changes his report; (2) if the changed report does not arouse suspicion as to why the change of heart; (3) if Mr. Gruenangerl can get a "foot in the door" with the Mescalara Apache (Mr. Gruenangerl is Austrian); (4) if Mr. Gruenangerl can convince the Mescalara Apache to use the Dopplemeyer product in this very competitive industry; (5) if Mr. Gruenangerl can prevent other competitors from making the deal;

(6) if Mr. Gruenangerl can stay sober long enough to do all the things that are required of him; [it should be noted in this regard that based upon the testimony of Ester McLeod Mr. Gruenangerl was too hung over from a night of heavy drinking to attend the meeting that was scheduled at Mr. Connor's office prior to the Lane inspection being initiated.] If all of these things and many, many others were to occur then, and only then, would Mr. Gruenangerl be eligible for a commission. Mr. Woolwine from Dopplemeyer, who is in the best position to assess the likelihood of success, put Gruenangerl's his odds at 1 in 1000. Surely the Sentencing Commission was thinking of a different set of facts and circumstances than those presented here when it established a base offense level of 12 for bribery of a public official.

7.      In most of the decisions reviewed by the defense, the bribe being offered or paid by the perpetrator was not contingent. Here, the likelihood of Mr. Lane ever receiving any monies were remote at best.

8.      There is no evidence on this record to suggest that Mr. Gruenangerl knew that Mr. Lane was a public official. Though the defense recognizes that for purposes of obtaining a conviction this knowledge is not necessary, in the heartland of cases involving bribery of a public official the status of the person being bribed as a public official is apparent. Here it is not. It is undisputed in this case that at least one of the other inspectors was a private inspector.

9.      Finally, there is the issue of the defendant's intoxication. Though the defense is mindful of the fact that alcohol dependence or abuse is a forbidden factor pursuant to 5K2.0 n. 9 the defense believes that it is appropriate to raise this issue given the Supreme Court's ruling in *Koon* as well as the apparent inconsistency of the verdicts in this case. As the Court is aware, the jury found Mr. Gruenangerl not guilty of Count One (Bribery of a Public Official) and guilty of

Count Two.  The defense asserted a voluntary intoxication defense.  The verdict was the result of approximately ten hours of deliberation by the jury.  The defense believes, in light of the verdict returned that the door has been opened to raise the issue of the Defendant's voluntary intoxication as it relates to the "heartland" arguments.  Though defense counsel has no intention to question the logic, consistency or wisdom of the jury's verdicts, the defense does believe it is appropriate for sentencing purposes to analyze the two verdicts in light of the Defendant's culpability inasmuch as the evidence supporting the guilty verdict in Count Two is a continuation of the evidence support the not guilty verdict in Count One.  As the Court will recall, the defense in making its Motion for Judgment of Acquittal after the completion of the government's case argued for the dismissal of Count Two on the basis that Count Two was merely a continuation of the facts and circumstances supporting Count One.  The Court denied that motion finding that both counts were independent of one another.  Any objective observer would have to admit that the events supporting Count Two were a continuation at the request of Mr. Lane of the events supporting Count One.

In conclusion, for these reasons the defense believes that there are exceptional circumstances present in this case which take it outside the heartland and warrant a departure from the recommended base offense level.

Respectfully submitted this 22ⁿᵈ day of November, 2006.

s/ Scott Poland
Poland and Wheeler, P.C.
215 South Wadsworth Blvd., #500
Lakewood, Colorado 80226
Telephone: (303) 969-8300
Fax: (303) 986-4857
E-Mail: scottpoland@qwest.net

ATTORNEY FOR DEFENDANT
CHRYSANTH G. GRUENANGERL

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Thomas M. O'Rourke
U.S. Attorney's Office
Thomas.O'Rourke@usdoj.gov

s/ LuAnn Weisman
LuAnn Weisman, Legal Secretary
Poland and Wheeler, P.C.
215 South Wadsworth Blvd., #500
Lakewood, Colorado 80226
Telephone: (303) 969-8300
Fax: (303) 986-4857
E-Mail: luannweisman@qwest.net