IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 06-cr-00002-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CHRYSANTH G. GRUENANGERL,
   a.k.a. Chris McLeod,

    Defendant.

---

## GOVERNMENT'S OBJECTIONS TO PROPOSED ORDER

---

The United States of America, by and through Assistant United States Attorney Thomas M. O'Rourke, submits the following objections to the proposed "December 8, 2006 Order," which the defendant Chrysanth G. Gruenangerl submitted to the court on December 12, 2006.

The defendant submitted the proposed order as the court had directed on December 8, 2006. The court on that date ordered that a hearing would be held to determine the defendant's mental competency. See 18 U.S.C. § 4241(a). The court also ordered that prior to the hearing, a psychiatric or psychological examination of the defendant shall be conducted and that a psychological or psychological report shall be filed. See 18 U.S.C. § 4241(b).

The examination should be conducted and report filed pursuant to Title 18, United States Code, Section 4747(b) and (c). *Id*. The examination should be conduct-

ed by one or more licensed or certified psychiatrists or psychologists, who "shall be designated by the court." 18 U.S.C. § 4747(b).

The government's objects to the proposed order for the following reasons:

1. The order would direct that the examination be conducted by Elliot J. Rapoport of Santa Fe, New Mexico. Rapoport conducted an examination of the defendant prior to the trial of this case and testified as a defense witness at the trial. His testimony was designed to convince the jury that the government had failed to prove the intent element of the crimes charged.[1] Rapoport testified that Gruenangerl's alcoholism and other problems might have affected his ability to form that intent. The government submits that, because of Rapoport's participation in this case as a defense witness, the court should not appoint him to conduct the post-trial examination. "Fairness requires that the examining psychiatrist . . . be an officer of the Court and responsible neither to the defense nor the prosecution." United States v. Pogany, 465 F.2d 72, 78 (3rd Cir. 1972).

2. The proposed order would direct that the defendant be committed to the custody of the Attorney General for placement in a nearby facility, where the examination would be conducted.[2] The proposed order seems to be inconsistent in that the

---

[1] The defendant was charged with violations of a statute that required proof that he acted "corruptly." 18 U.S.C. § 201(b)(1)(A). An act is done "corruptly" if it is done "voluntarily and deliberately" and "with the purpose of either accomplishing an unlawful end or an unlawful result or of accomplishing some otherwise lawful end or lawful result by any unlawful method or means." 2 O'Malley et al., Fed. Jury Prac. And Instr. § 27.09 (5th ed.).

[2] The court has the option of committing the defendant to the custody of the Attorney General "for placement in a suitable facility" during the examination. 18 U.S.C. § 4747(b). "Unless impracticable, the . . . examination shall be conducted in the suit-

examination would be conducted by Rapoport, of New Mexico, but the place of the examination would be near the court.

The government submits that the order should either (a) direct that the examination be conducted by a neutral examiner in the Denver area while the defendant remains free on bond[3] or (b) direct that the defendant be committed to the custody of the Attorney General, who then could contract with a suitable facility to conduct the examination and prepare the report, see 18 U.S.C. § 4247(i)(A).

                              Respectfully submitted,

                              TROY A. EID
                              United States Attorney

                              By: s/ *Thomas M. O'Rourke*
                              THOMAS M. O'ROURKE
                              Assistant U.S. Attorney
                              U.S. Attorney's Office
                              1225 17th Street, Suite 700
                              Denver, Colorado 80202
                              Telephone: 303-454-0209
                              FAX: 303-454-0402
                              E-mail: thomas.o'rourke@usdoj.gov
                              Attorney for the United States

---

able facility closest to the court." *Id.*

[3] The court has "the inherent power . . . to appoint an expert of his own choosing." United States v. Green, 544 F.2d 138, 145 (3rd Cir. 1976), cert. denied, 430 U.S. 910 (1977).

CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of December 2006, I electronically filed the foregoing GOVERNMENT'S OBJECTIONS TO PROPOSED ORDER with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

>Scott Poland, Esq.
>scottpoland@qwest.net

and that I mailed or served the foregoing motion to the following non-CM/ECF participant:

>Dee A. Clark
>Senior U.S. Probation Officer
>1929 Stout Street
>Suite C-120
>Denver, Colorado 80294-0101

>*s/ Charlotte A. Seaton*
>CHARLOTTE A. SEATON
>Legal Assistant
>U.S. Attorney's Office
>1225 17th Street, Suite 700
>Denver, Colorado 80202
>Phone: 303-454-0100
>Fax: 303-454-0402
>charlotte.seaton@usdoj.gov